Hon. Mary Estill Buchanan Colorado Secretary of State 1575 Sherman Street Denver, Colo. 80203
Dear Mrs. Buchanan:
QUESTION PRESENTED AND CONCLUSION
I am writing in response to your request for an opinion on the following question:
1. When does a newly elected county commissioner take office when the present officer is serving by appointment?
 An officer succeeding to a new, regular term of office commences his duties in January of the year following election. A successor to an ongoing, unexpired term accedes to the term immediately upon his election.
ANALYSIS
C.R.S. 1973, 30-10-309 provides for a vacancy in the board of county commissioners to be filled by appointment by the governor,
 The person appointed shall hold the office until the next general election or until the vacancy is filled by election according to law, and until his successor is qualified.
This statute parallels the constitutional provision, article XIV, section 9, which provides for appointment by the governor,
 and the person so appointed shall hold the office until the next general election or until the vacancy be filled by election according to law.
C.R.S. 1973, 1-16-108 provides that all regular terms of county officers shall commence on the second Tuesday in January next after their election, except as otherwise provided by law.
As you are aware, previous opinions of the Attorney General have addressed this question, interpreting the language in article XIV, section 9 to mean that "the vacancy is not filled by the election until the person elected for the regular term qualifies and takes office, which would be on orafter the beginning of the new term. (emphasis added) (See letter, Duke W. Dunbar to M.E.H. Smith, dated June 16, 1960). Such opinions reflect C.R.S. 1973, 1-11-107, which defines the term of the appointee.
 Any of the officers that are elected or appointed to fill vacancies as provided in this article may qualify and enter upon the duties of their offices immediately thereafter. If elected, they may hold the same during the unexpired term for which they were elected and until their successors are elected and qualified. If appointed, they shall hold the same only until their successors are elected and qualified.
In this context, when a vacancy occurs during a term of office, an appointment to that office is made only until an election can be held to that office. The newly elected commissioner would then enter into the duties of that office immediately thereafter, upon qualification as required by C.R.S. 1973, 30-10-309. Such elected successor would then serve for the remaining time in the four year term in which the vacancy was created.
If however, the term in which the vacancy is created would terminate on the second Tuesday in January next following the general election at which a successor officer is elected, said officer undertakes a new, regular term of office, to commence in January, and the appointed officer would continue to serve until the end of the term for which he was appointed.
This opinion is consistent with the holding in People v.Quimby, 152 Colo. 231, 381 P.2d 275 (1963) which holds that "Vacancy applies not to the incumbent, but to the term, or the office, or both, depending upon the context."
SUMMARY
It is my opinion that when a general election determines a successor to a new, regular term of office, said successor commences his duties in January, in accord with C.R.S. 1973, 1-16-108. When a general election or other election as provided by law is held to determine a successor to an ongoing, unexpired term, the vacancy is created in the term, and accession to that term is immediate upon fulfillment of qualification to office.
I hope that this opinion sufficiently addresses your inquiry.
Very truly yours,
 J.D. MacFARLANE Attorney General
SECRETARY OF STATE ELECTIONS
C.R.S. 1973, 1-16-108 C.R.S. 1973, 1-11-107
C.R.S. 1973, 30-10-309
Colo. Const. art. XIV, § 9
SECRETARY OF STATE DEPT. Elections, Div. of
Succession to an unexpired term is effective immediately upon election